**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROGER E. GREER,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-0752-15-0869-I-1

DATE: October 7, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brook L. Beesley</u>, Alameda, California, for the appellant.

<u>Kim E. Dixon</u>, Scott Air Force Base, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant held the position of Firefighter, which is a testing designated position subject to random drug testing. Initial Appeal File (IAF), Tab 4 at 130, 135. On April 16, 2015, the appellant tested positive for illegal drugs. *Id.* at 117-18, 121-22. Effective August 31, 2015, the agency removed him based on the charge of illegal drug use. *Id.* at 13, 114.

¶3      The appellant filed a Board appeal of his removal and requested a hearing. IAF, Tab 1. He raised claims of a violation of due process, harmful procedural error, disability discrimination, reprisal for protected equal employment opportunity (EEO) activity, and disparate penalties. IAF, Tab 1 at 2, Tab 15 at 3-4, Tab 20 at 1-3, Tab 26 at 2-3. Both the agency and the appellant filed motions to compel discovery. IAF, Tab 16 at 4-5, Tab 18. The administrative judge denied the appellant's motion to compel because he found that the agency had responded sufficiently to the appellant's discovery requests. IAF, Tab 20 at 4. The agency filed a second motion to compel and a request for sanctions. IAF, Tab 23 at 4-6. The administrative judge granted the agency's motion to compel and ordered the appellant to respond to its discovery requests. IAF, Tab 24. The administrative judge warned the appellant that his failure to comply

would result in sanctions. *Id.* Thereafter, the agency filed a motion for sanctions claiming that the appellant had failed to comply with the discovery order. IAF, Tab 28 at 4-6.

¶4 On the day before the scheduled hearing, the appellant, through his representative, waived his right to a hearing and requested that the initial decision be based on the written record. IAF, Tab 29. In a close of record order, the administrative judge granted the agency's motion for sanctions based on the appellant's continued failure to respond to its discovery requests. IAF, Tab 31. Specifically, the administrative judge prohibited the appellant from supplementing the record. *Id.* He also rejected the appellant's submission of deposition transcripts. *Id.*

¶5 The administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 33, Initial Decision (ID) at 1, 9. The administrative judge made the following findings: (1) the agency proved its charge of illegal drug use; (2) the appellant failed to prove his affirmative defenses of a violation of due process, harmful procedural error, disability discrimination, and reprisal for EEO activity; (3) the agency established that the penalty promotes the efficiency of the service, considered the relevant *Douglas* factors,[2] and proved the reasonableness of the penalty; and (4) the appellant failed to establish a disparate penalties claim. ID at 4-9.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act or acts of misconduct.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     In his petition for review, the appellant does not challenge the administrative judge's findings on the merits of his removal appeal. PFR File, Tabs 1, 4. Based on our review of the record, we agree with the administrative judge's findings and find no reason to disturb the initial decision.

¶8     The appellant instead argues that the administrative judge abused his discretion by sanctioning the appellant for not responding to the agency's discovery requests, rejecting the appellant's submission of deposition transcripts, and denying the appellant's motion to compel. PFR File, Tabs 1, 4. For the following reasons, we find that the administrative judge did not abuse his discretion regarding these rulings.

¶9     An administrative judge may impose sanctions upon a party as necessary to serve the ends of justice. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012); 5 C.F.R. § 1201.43. Before imposing a sanction, the administrative judge must provide appropriate prior warning, allow a response to the actual or proposed sanction when feasible, and document the reasons for any resulting sanction in the record. 5 C.F.R. § 1201.43. When a party fails to comply with an order regarding participation in the discovery process, the administrative judge may prohibit the noncomplying party from introducing evidence concerning the information sought. *Smets*, 117 M.S.P.R. 164, ¶ 11; 5 C.F.R. § 1201.43(a)(2). Once an administrative judge imposes a sanction, the Board ordinarily will not disturb such a determination unless it is shown that the administrative judge abused his discretion or that his ruling adversely affected a party's substantive rights. *Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 9 (2007).

¶10     Here, we find that the administrative judge acted within his discretion to impose a discovery-related sanction. *See Smets*, 117 M.S.P.R. 164, ¶ 12 (finding that the administrative judge did not abuse her discretion when she precluded the appellant from submitting additional evidence regarding a discrimination claim

after the appellant did not comply with her order to appear for a deposition); *Wagner*, 105 M.S.P.R. 67, ¶ 15 (finding that an appropriate sanction for the appellant's failure to respond to the agency's discovery requests would have been to preclude the appellant from presenting evidence related to the disputed discovery requests).

¶11    The appellant claims that the administrative judge ignored his response in opposition to the agency's motion for sanctions in the initial decision. PFR File, Tab 1 at 5; IAF, Tab 30. However, the administrative judge's failure to mention the appellant's response does not mean that he did not consider it. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant also asserts that he could not have complied with the administrative judge's discovery order because he had nothing more to submit in response to the agency's discovery requests. PFR File, Tab 4 at 3; IAF, Tab 30 at 2. Even if the appellant had no additional responsive documents, the agency's interrogatories sought information that the appellant would certainly have known, such as the medication he was taking and the coworkers he deemed comparators for his disparate penalty argument.[3] IAF, Tab 23. Thus, the appellant failed to respond to the discovery requests, and the administrative judge properly imposed sanctions.[4]

¶12    Further, the appellant argues that the administrative judge failed to provide notice of the broad scope of the sanction. PFR File, Tab 1 at 4-5, Tab 4 at 2. We agree that the administrative judge failed to notify the appellant that his failure to comply with the discovery order would result in a complete prohibition on

---

[3] The administrative judge granted the agency's motion to compel regarding both interrogatories and requests for production but indicated that the sanction for a failure to comply would be the preclusion of the introduction of documents. IAF, Tab 24.

[4] The appellant claims that the administrative judge's rejection of his submission of deposition transcripts was part of the imposed sanction. PFR File, Tab 1 at 3. We disagree and, as discussed below, analyze the rejection of deposition transcripts as an exclusion of evidence.

supplementing the record. Instead, the administrative judge notified the appellant that he would not be permitted to introduce into the record any of the documents requested by the agency. IAF, Tab 24. However, the appellant does not explain what evidence he would have submitted that was unrelated to the agency's discovery requests had he not been barred from doing so by the sanction. Thus, the appellant has not shown how any error by the administrative judge prejudiced his rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). Moreover, the appellant provides no support for his argument, and we know of none, that he had a "substantive right" to make a final submission under 5 C.F.R. § 1201.59(b). PFR File, Tab 4 at 2.

¶13     Additionally, the appellant contends that the administrative judge failed to determine whether he exhibited negligence or bad faith when he waived his right to a hearing; however, the reason for the imposed sanction was related to discovery matters and not to the appellant's decision to forego the scheduled hearing. PFR File, Tab 1 at 5; IAF, Tab 31. Also, the appellant's reference to "negligence or bad faith" applies to the standard for imposing the more severe sanction of dismissal of an appeal with prejudice, which is inapplicable here. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011).

¶14     Next, the appellant contests the administrative judge's rejection of his submission of deposition transcripts. PFR File, Tab 1 at 4-6. An administrative judge has wide discretion to exclude evidence and witnesses when it has not been shown that such evidence and testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); *see* 5 C.F.R. § 1201.41(b)(10). The Board has held that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010).

¶15        Here, the appellant alleges that the deposition transcripts are relevant to his claims of harmful procedural error and "disparate treatment and penalty."[5] PFR File, Tab 1 at 5-6.  Based on the appellant's description of the relevant evidence in the deposition transcripts, we find that he has failed to show that such evidence could have affected the outcome of the appeal when the record below already contains copies of the agency's policies and table of penalties.  IAF, Tab 4 at 41-99, 141-66.  We also find that, contrary to the appellant's argument that the administrative judge violated 5 C.F.R. § 1201.61 by not describing the excluded evidence, this regulation does not apply to this case because the evidence was not excluded at a hearing.  PFR File, Tab 1 at 4; *cf. Gaither v. Defense Commissary Agency*, 85 M.S.P.R. 338, ¶ 8 (2000) (finding that the administrative judge erred by failing to describe what evidence was excluded during the hearing).  The appellant further argues that the administrative judge previously accepted the deposition transcripts into the record.  However, the appellant does not dispute the agency's contention that the administrative judge only intended to allow the appellant to use the deposition transcripts for impeachment purposes during the hearing.  PFR File, Tab 3 at 11-12, Tab 4 at 3.

¶16        Finally, the appellant opposes the administrative judge's denial of his motion to compel discovery.  PFR File, Tab 4 at 3.  The Board will not reverse an administrative judge's rulings on discovery matters, including a motion to compel, absent an abuse of discretion.  *Fox*, 120 M.S.P.R. 529, ¶ 42.  Here, the administrative judge determined that the agency had responded sufficiently to the appellant's discovery requests and thus, denied his motion to compel discovery.

---

[5] Our decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14, issued after the initial decision in this appeal, clarifies that the relevant inquiry for assessing a claim of disparate penalties when weighing the reasonableness of a penalty is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently.  There is no evidence in the record to indicate that the agency did so in this case, nor do we discern any basis to disturb the administrative judge's finding that the appellant failed to prove his disparate penalties claim.  ID at 8-9.

IAF, Tab 20 at 4.  The appellant has shown no error in that determination, and therefore, he has shown no abuse of discretion in the denial of discovery.

¶17     Accordingly, we find that the appellant has failed to provide a reason to disturb the initial decision that sustained his removal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.